# Exhibit A

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

**FILED**
Superior Court of California
County of Riverside
8/19/2021
V. Lopez
Electronically Filed

**NOTICE TO DEFENDANT:**
***(AVISO AL DEMANDADO):***

CHARTER COMMUNICATIONS, LLC, a limited liability company; and DOES 1 through 5, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
***(LO ESTÁ DEMANDANDO EL DEMANDANTE):***

ADRIAN ZARAGOZA GARCIA, an individual,

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

***¡AVISO!*** *Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California* (www.sucorte.ca.gov), *en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services,* (www.lawhelpcalifornia.org), *en el Centro de Ayuda de las Cortes de California,* (www.sucorte.ca.gov) *o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):* Riverside Superior Court
Palm Springs Courthouse, 3255 E. Tahquitz Canyon Way
Palm Springs, CA 92262

CASE NUMBER:
*(Número del Caso):*
**CVPS2104356**

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Matthew Gutierrez (271206), Gutierrez Derham Law Firm LLP, 26459 Rancho Parkway S, Ste 1, Lake Forest, CA 92630, 323-676-6676

DATE: **8/19/2021** Clerk, by *(Secretario)* V. Lopez , Deputy *(Adjunto)*
*(Fecha)*

*(For proof of service of this summons, use* Proof of Service of Summons *(form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario* Proof of Service of Summons, *(POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☑ on behalf of *(specify):* Charter Communications, LLC a limited liability company

under: ☐ CCP 416.10 (corporation) ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
☑ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
☐ other *(specify):*

4. ☐ by personal delivery on *(date):*

MATTHEW GUTIERREZ, SBN 271206
mg@gutierrezderham.com
GUTIERREZ DERHAM LAW FIRM LLP
26459 Rancho Parkway S, Suite 1
Lake Forest, CA 92630
Telephone: (323) 676-6676

Attorneys for Plaintiff, ADRIAN ZARAGOZA GARCIA

FILED
Superior Court of California
County of Riverside
8/19/2021
V. Lopez
Electronically Filed

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**COUNTY OF RIVERSIDE**

**[UNLIMITED CIVIL]**

ADRIAN ZARAGOZA GARCIA, an individual,

Plaintiff,

vs.

CHARTER COMMUNICATIONS, LLC, a limited liability company; and DOES 1 through 5, inclusive,

Defendants.

Case No.: **CVPS2104356**

**COMPLAINT FOR:**

1. **Failure to Pay Overtime Wages in Violation of Labor Code §§ 510-511**
2. **FLSA Unpaid Overtime Wages**
3. **Labor Code § 203 Waiting Time Penalty**
4. **Failure to Provide Compliant Itemized Wage Statements**
5. **Violation of Unfair Competition Law**

**DEMAND FOR JURY TRIAL**

Plaintiff, ADRIAN ZARAGOZA GARCIA, alleges as follows:

**JURISDICTION AND VENUE**

1. This Court has jurisdiction to hear the subject matter of this complaint. This Court also has jurisdiction over each defendant, as the unlawful acts alleged herein occurred in California.

2. Venue is proper in this Court because of the defendants conduct business in this county.

**PARTIES**

3. Plaintiff is an individual who at, all relevant times, has resided in California.

4. Defendant CHARTER COMMUNICATIONS, LLC ("CHARTER") is a limited liability company that conducted, and is conducting, business in the State of California. CHARTER registered the address 12405 Powerscourt Drive, St. Louis, Missouri 63131 with California Secretary of State as its



GUTIERREZ DERHAM LAW FIRM LLP
26459 RANCHO PARKWAY S, SUITE 1
LAKE FOREST, CALIFORNIA 92630

principal place of business. As a field technician at CHARTER, Plaintiff worked in the city of Indio, California, 92201.

5. Plaintiff is ignorant of the true names and capacities of the defendants sued herein as DOES 1-5, inclusive, and therefore sues these defendants by such fictitious names and capacities. Plaintiff will seek leave to amend this Complaint to allege their true names and capacities when ascertained. Plaintiff is informed and believes and on that basis alleges that each fictitiously named Defendants are responsible in some manner for the occurrences herein alleged, and that Plaintiff's injuries were proximately caused by the conduct of such defendant.

## GENERAL ALLEGATIONS

6. Plaintiff worked for Defendant from July 17, 2017, to June 15, 2021, as a non-exempt Field Technician. Plaintiff worked remote out in the field. His duties included service calls, troubleshooting internet, phone, and cable with issues for Defendant's customers.

7. Defendant's procedure was to send daily notifications through an application via Plaintiff's phone. At around 7:15 a.m., Plaintiff would check the notifications consisting of work instructions on where to drive the company vehicle and tools to start his work day.

8. Defendant did not compensate Plaintiff for the time spent checking and responding to work messages in the morning, or for driving the company van and work tools to the first job site of the day. Nor did Defendant compensate Plaintiff for driving the company van and work tools back home at the end of the work day. Consequently, Plaintiff worked over 10 hours per day and over 40 per week without compensation.

9. Defendant terminated Plaintiff's employment on June 15, 2021, and did not provide him his final pay that day.

## FIRST CAUSE OF ACTION

## FAILURE TO PAY OVERTIME WAGES IN VIOLATION OF LABOR CODE §§ 510-511

## (AGAINST ALL DEFENDANTS AND DOES 1-5)

10. Plaintiff incorporates each allegation set forth in all of the preceding paragraphs as though set forth herein in full again.

GUTIERREZ DERHAM LAW FIRM LLP
26459 RANCHO PARKWAY S, SUITE 1
LAKE FOREST, CALIFORNIA 92630

11. Any employee receiving less than the California legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of overtime compensation including interest and reasonable attorney's fees. Lab. Code § 1194(a).

12. "Any work in excess of eight hours in one workday and any work in excess of 40 hours in any one workweek and the first eight hours worked on the seventh day of work in any one workweek shall be compensated at the rate of no less than one and one-half times the regular rate of pay for an employee." Lab. Code § 510(a).

13. On numerous occasions during Plaintiff's employment, he worked more than ten hours per workday and more than 40 hours per workweek and was not compensated for those overtime hours worked more than ten per day and 40 per week. As such, Defendant violated Labor Code Sections 510, 511 and 1198 because it violated the above-referenced as Industrial Welfare Commission Orders, as applicable.

14. Any "person acting on behalf of an employer, who violates, or causes to be violated, any provision regulating minimum wages or hours and days of work in any order of the Industrial Welfare Commission, or violates, or causes to be violated, Sections . . . 1194 . . . may be held liable as the employer for such violation." Lab. Code § 558.1(a).

15. If the defendant does not keep accurate records of the hours worked by the plaintiff, then the plaintiff may prove the number of overtime hours worked by making a reasonable estimate of those hours. CACI 2703. As a direct and proximate result of the violations of law by Defendant, Plaintiff has worked a substantial number of hours without receiving overtime compensation, at the applicable rate, from Defendants, in accordance with California law.

16. Plaintiff has been damaged in an amount equal to the compensation to which he was entitled but was unlawfully deprived by Defendants, subject to proof at trial.

17. Pursuant to California Labor Code section 1194(a) Plaintiff is entitled to interest at the legal rate on the overtime wages owed to Plaintiff by Defendants.

18. Pursuant to California Labor Code section 1194(a), Plaintiff is entitled to an award of attorneys' fees, and costs.

///

GUTIERREZ DERHAM LAW FIRM LLP
26459 RANCHO PARKWAY S, SUITE I
LAKE FOREST, CALIFORNIA 92630

<u>**SECOND CAUSE OF ACTION**</u>

**UNPAID OVERTIME WAGES**

**(AGAINST ALL DEFENDANTS AND DOES 1-5)**

19. Plaintiff incorporates each allegation set forth in all of the preceding paragraphs as though set forth herein in full again.

20. Any employee receiving less than the legal overtime compensation, pursuant to the Fair Labor Standards Act at 29 United States Code section 201, *et seq.*, applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of overtime compensation including liquidated damages and reasonable *attorney's fees*. 29 U.S.C. § 216(b). Thus, Plaintiff is also entitled to liquidated damages in amount equal to unpaid overtime wages.

<u>**THIRD CAUSE OF ACTION**</u>

**LABOR CODE § 203 WAITING TIME PENALTY**

**(AGAINST ALL DEFENDANTS AND DOES 1-5)**

21. Plaintiff incorporates each allegation set forth in all of the preceding paragraphs as though set forth herein in full again.

22. "If an employer willfully fails to pay, without abatement or reduction, in accordance with Sections 201, 201.3, 201.5, 201.9, 202, and 205.5, any wages of an employee who is discharged or who quits, the wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid or until an action therefor is commenced." Lab. Code § 203(a).

23. Defendant failed to timely pay Plaintiff his wages on his last date of work, in violation of Labor Code § 201, and failed to pay him the additional continuing wages as a penalty from the original due date, in violation of Labor Code § 203.

24. Plaintiff has been harmed by Defendant's conduct and is entitled to a statutory waiting time penalty, in an amount according to proof at trial, interest thereon, and an award of attorneys' fees, and costs.

<u>**FOURTH CAUSE OF ACTION**</u>

**FAILURE TO PROVIDE COMPLIANT ITEMIZED WAGE STATEMENTS**

**(AGAINST ALL DEFENDANTS AND DOES 1-5)**

GUTIERREZ DERHAM LAW FIRM LLP
26459 RANCHO PARKWAY S, SUITE 1
LAKE FOREST, CALIFORNIA 92630

25. Plaintiff incorporates each allegation set forth in all of the preceding paragraphs as though set forth herein in full again.

26. "An employer, semimonthly or at the time of each payment of wages, shall furnish to his or her employee, either as a detachable part of the check, draft, or voucher paying the employee's wages, or separately if wages are paid by personal check or cash, an accurate itemized statement in writing showing . . . (7) the name of the employee and only the last four digits of his or her social security number or an employee identification number other than a social security number . . . ." Lab. Code § 226(a).

27. "Any employer or other person acting on behalf of an employer, who violates, or causes to be violated, any provision regulating minimum wages or hours and days of work in any order of the IWC, or violates, or causes to be violated, Sections 203, 226, 226.7, 1193.6, 1194, or 2802, may be held liable as the employer for such violation." Lab. Code § 558.1(a).

28. Defendant knowingly and intentionally failed to provide an itemized statement in writing showing accurate total hours worked by Plaintiff for the current pay period.

29. "An employee suffering injury as a result of a knowing and intentional failure by an employer to comply with subdivision (a) is entitled to recover the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per employee for each violation in a subsequent pay period, not to exceed an aggregate penalty of four thousand dollars ($4,000), and is entitled to an award of costs and reasonable attorney's fees." Lab. Code § 226(e)(1).

30. An employee is deemed to suffer injury for purposes of section 226(e) if the employer fails to provide an itemized wage statement showing accurate total hours worked by Plaintiff and the employee cannot promptly and easily determine from the wage statement alone the accurate total hours worked. Lab. Code § 226(e)(2)(B)(i).

31. As a result of the knowing and intentional failure to provide compliant wage statements, Plaintiff has suffered an injury pursuant to section 226(e). As a result, Defendant is liable to Plaintiff for the amounts provided by California Labor Code § 226(e).

32. Pursuant to California Labor Code § 226(e), Plaintiff is also entitled to an award of reasonable attorneys' fees and costs.

GUTIERREZ DERHAM LAW FIRM LLP
26459 RANCHO PARKWAY S, SUITE 1
LAKE FOREST, CALIFORNIA 92630

**FIFTH CAUSE OF ACTION**

**VIOLATION OF UNFAIR COMPETITION LAW**

**(AGAINST ALL DEFENDANTS AND DOES 1-5)**

33. Plaintiff incorporates each allegation set forth in all of the preceding paragraphs as though set forth herein in full again.

34. Defendant's conduct, as alleged in this Complaint, has been and continues to be unfair, unlawful, and harmful to Plaintiff and Defendant's competitors. Defendant's activities as alleged herein are violations of California law and the FLSA, and constitute unlawful business acts and practices in violation of California's Unfair Competition Law ("UCL") Business and Professions Code Section 17200 *et seq.*

35. A violation of Business and Professions Code Section 17200 et seq. may be predicated on the violation of any state or federal law including violations of the Labor Code. *Cortez v. Purolator Air Filtration Prods. Co.*, 23 Cal. 4th 163, 178 (2000). Business and Professions Code Section 17200 *et seq.* defines unfair competition to include any unlawful, unfair or fraudulent business act or practice.

36. "Any work in excess of eight hours in one workday and any work in excess of 40 hours in any one workweek and the first eight hours worked on the seventh day of work in any one workweek shall be compensated at the rate of no less than one and one-half times the regular rate of pay for an employee." Lab. Code § 510(a).

37. During Plaintiff's employment, he regularly worked more than ten hours per workday and more than 40 hours per workweek, as alleged above, and was not compensated for those overtime hours worked more than eight per day and 40 per week. As such, Defendant violated Labor Code section 510 and the FLSA.

38. As a result of the herein described violations of law, Defendant unlawfully gained an unfair advantage over other businesses. As a result of the herein described violations of law, Defendant has unjustly enriched itself at the expense of Plaintiff and the general public. Such conduct by Defendant constitutes unfair competition and unfair business practices, as such terms are described in Business and Professions Code section 17200, *et seq.*

///

GUTIERREZ DERHAM LAW FIRM LLP
26459 RANCHO PARKWAY S, SUITE 1
LAKE FOREST, CALIFORNIA 92630

39. Plaintiff is informed, believe and thereon allege that Defendant has continued and still threaten to, unless restrained and ordered to disgorge all profits derived from said unfair business practices as restitution to Plaintiff, violate the Unfair Competition Law by engaging in business practices violative of California law and the FLSA labor law as detailed hereinabove.

40. Plaintiff and others have been personally injured and continue to be injured by Defendant's unlawful business acts and practices as alleged herein, including, but not limited to, the loss of money and/or property at a sum according to proof at trial.

41. Pursuant to Business and Professions Code § 17203, the court is authorized to make such orders or judgments as may be necessary to prevent the use or employment by any such person or entity of any such practice which constitutes unfair competition or as may be necessary to restore to any person in interest any money or property which may have been acquired by means of such unfair competition.

42. Pursuant to Business and Professions Code Section 17200 et seq., Plaintiff is entitled to restitution of the wages and other monies wrongfully withheld and retained by Defendant, for the period commencing from four years preceding the filing of the Complaint.

43. "Unless otherwise expressly provided, the remedies or penalties provided by [Business and Professions Code Section 17200 et seq.] are cumulative to each other and to the remedies or penalties available under all other laws of [California].

**PRAYER**

WHEREFORE, Plaintiff prays:

1. For compensatory special damages, in an amount according to proof at the time of trial.

2. For compensatory general damages, in an amount according to proof at the time of trial.

3. For statutory penalties pursuant to California Labor Code.

4. For liquidated damages pursuant to the Fair Labor Standards Act and California Labor Code.

5. For reasonable attorneys' fees pursuant to the California Labor Code and Code of Civil Procedure.

6. For costs of suit including expert witness fees.

GUTIERREZ DERHAM LAW FIRM LLP
26459 RANCHO PARKWAY S, SUITE 1
LAKE FOREST, CALIFORNIA 92630

7. For prejudgment interest.

8. For such other and further relief as the Court may deem proper.

**DEMAND FOR JURY TRIAL**

Plaintiff ADRIAN ZARAGOZA GARCIA hereby demands a trial by jury.

Dated: August 19, 2021

GUTIERREZ DERHAM LAW FIRM LLP

By: ______________________

Matthew Gutierrez
Attorneys for Plaintiff, ADRIAN ZARAGOZA GARCIA

GUTIERREZ DERHAM LAW FIRM LLP
26459 RANCHO PARKWAY S, SUITE 1
LAKE FOREST, CALIFORNIA 92630